IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUZ MEDINA-CARMONA,<br><br>**Plaintiff**<br><br>v.<br><br>XLD INVESTMENTS (PUERTO RICO), LLC d/b/a/ San Juan Marriott Resort & Stellaris Casino; MARRIOTT P.R. MANAGEMENT CORPORATION d/b/a/ San Juan Marriott Resort & Stellaris Casino<br><br>**Defendants** | CIVIL NO. 19-1502(RAM) |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, District Judge

Pending before the court is codefendant Marriott P.R. Management Corporation d/b/a/ San Juan Marriott Resort & Stellaris Casino's ("Marriot" or "Defendant") *Motion to Dismiss under Rule 12(b)(6)* requesting that the Court dismiss Plaintiff's retaliation claim for failing to exhaust administrative remedies as required by Title VII. (Docket No. 9). Marriot contends that plaintiff Luz Medina-Carmona ("Medina" or "Plaintiff") did not amend her original Equal Employment Opportunity Commission (EEOC) charge, which exclusively alleged gender discrimination, to include retaliation nor did she file a new retaliation claim prior to her lawsuit. Id. at 5-6.

In her *Opposition to Motion to Dismiss under Fed. R. Civ. P.*

12(b)(6), Medina posits that under Clockedile v. New Hampshire Dep't of Corrections, 245 F.3d 1, 5-6 (1st Cir. 2001), when the retaliation is reasonably related to and grows out of the discrimination claim previously filed with the EEOC, the retaliation claim is preserved and the employee does not need to file an additional relation charge nor amend their discrimination charge. (Docket No. 16 at 4-5). Plaintiff alleges that Marriot retaliated against her *because* she filed a gender discrimination claim, thus Clockedile applies.[1] Id. at 2-3. Moreover, Medina informed the Court that although she did not file a separate retaliation claim, she notified Marriot via letter that she considered their actions to be retaliatory. Id. at 3.

Marriot filed a *Reply* to Plaintiff's *Opposition* asserting that this District explicitly rejected Clockedile in light of the subsequent Supreme Court case National Railroad Passenger Corp. v. Morgan, 536 US 101 (2002). (Docket No. 22 at 2-4). Defendant also maintains that the letter is an insufficient notification as it was not a charge under oath or affirmation as required by Title VII. Id. at 4-5.

Contrary to Defendant's arguments, Clockedile was not overruled by Morgan. Furthermore, both the First Circuit and the District of Puerto Rico have continued to apply Clockedile in

---

[1] It's worth noting that the alleged retaliatory act occurred on October 31, 2018, i.e. **after** Medina filed her gender discrimination claim with the EEOC on April 10, 2018. (Docket No. 1 ¶ 5).

subsequent cases.

The distinction between Clockedile and Morgan lies in their operative facts. To understand both cases, it is important to note that Title VII requires that employees file their administrative charge with the EEOC, or the applicable local agency, within one hundred eighty (180) or three hundred (300) days after the alleged unlawful employment action occurred (the "statutory period"). 42 U.S.C.A. § Section 2000(e)-5(e)(1).

In Clockedile, the First Circuit considered whether a lawsuit following an EEOC discrimination complaint can include a claim of retaliation that occurred **after** the EEOC charge was filed and that was not made to the agency. Clockedile, 245 F.3d at 4. The Circuit found that "retaliation claims are preserved so long as the retaliation is reasonably related to and grows out of the discrimination complained of to the agency—*e.g.,* the retaliation is for filing the agency complaint itself." Id. at 6. Thus, in analogous cases, employees do not need to file an additional EEOC charge for retaliation within the statutory period in order to include retaliation as a claim in their Title VII lawsuit.

On the other hand, the following year, the Supreme Court in Morgan examined discriminatory practices that occurred **before** the employee filed an EEOC charge and **outside** of the statutory period. Morgan, 536 U.S. at 104-105. In this case, the employee had allegedly experienced a racially hostile work environment

throughout his employment and eventually filed an EEOC complaint. Id. In his lawsuit, he sought to recover damages for **all discrete acts of discrimination and retaliation**, including those that occurred before the statutory period, *i.e.* more than three hundred days prior to his EEOC charge. Id. at 105-106. The Court held that despite being related to the incidents for which the EEOC charge was timely filed, the discrete acts of discrimination or retaliation that occurred outside of the statutory period were time barred and thus not actionable. Id. at 115.

In short, Clockedile found that retaliatory events that occurred **after** an EEOC claim were actionable without an additional administrative charge, while Morgan ruled that events outside of the statutory period **before** the EEOC charge was filed were not. **These holdings are not mutually exclusive.**

Accordingly, the First Circuit has reaffirmed the validity of Clockedile. Specifically, the First Circuit found that "a claim of retaliation for filing an administrative charge with the EEOC is one of the narrow exceptions to the normal rule of exhaustion of administrative remedies." Franceschi v. U.S. Dep't of Veterans Affairs, 514 F.3d 81, 86 (1st Cir. 2008). Thus, under Clockedile, a retaliation claim "may ordinarily be bootstrapped onto the other Title VII claim or claims arising out of the administrative charge and considered by the district court, even though it has not been put through the administrative process." Id. *See also* Garayalde-

Ríos v. Municipality of Carolina, 747 F. 3d 15, 22 n.7 (1st Cir. 2014) ("The R & R correctly stated that a separate retaliation charge need not be filed with the EEOC to exhaust administrative remedies"); Jorge v. Rumsfeld, 404 F. 3d 556, 565 (1st Cir. 2005) (applying Clockedile by analogy).

Moreover, this District has **explicitly** held that "Clockedile is unaffected by Morgan" and thus "remains good law." Ortiz-Mejia v. Municipality of San Juan, 2017 WL 2929465, at *4 (D.P.R. 2017). *See also* Montalvo-Figueroa v. DNA Auto Corp., 2019 WL 5704798, at *13 (D.P.R. 2019) (stating that the case law regarding post-charge retaliation claims was "settled" by Clockedile). Contrary to Defendant's allegations, the opinion Gabriel-Yambo v. Centro Médico del Turabo, does not state that Clockedile was overruled by Morgan. The Court merely clarified that the Clockedile exception applies **only** to post-charge **retaliation** claims and not to **discrimination** claims. Gabriel-Yambo, 2015 WL 7428562 at *4 (D.P.R. 2015).

In light of the above, Marriot's *Motion to Dismiss under Rule 12(b)(6)* (Docket No. 9) requesting that the Court dismiss Plaintiff's retaliation claim is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 18th day of February 2020.

                                    S/ RAÚL M. ARIAS-MARXUACH
                                    United States District Judge